

**SIGNED this 28th day of September, 2012.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court

**Western District of Texas
San Antonio Division**

| | |
|---|---|
| IN RE: | BANKR. CASE NO. |
| ELADIO SOLIS ZAMORA AND<br>HILDA TREJO ZAMORA | 11-52138C |
| *DEBTORS* | CHAPTER 13 |

### MEMORANDUM OPINION ON DEBTORS' MOTION FOR CONTEMPT AND REQUEST FOR SANCTIONS

The chapter 13 debtors in this case filed a motion for contempt and sanctions against Brycewood Homeowners Association ("the Association") for an alleged violation of the automatic stay under section 362(a) of the Bankruptcy Code. In this case, subsequent to the confirmation of the Chapter 13 plan, the Association filed a state court lawsuit against the

Debtors to recover post-petition homeowner association's assessments[1], and the Debtors claim that this constituted a willful violation of the automatic stay because the Association knew of the Debtors' bankruptcy petition. In response, the Association asserts that the automatic stay does not apply to the Association's attempt to collect post-petition HOA assessments because assessments that accrue post-petition are post-petition debts and are thus not subject to the automatic stay.

This Court in *Beeter* held that post-petition actions taken by a homeowners association in pursuit of collection of post-petition assessments did not violate the automatic stay because those assessments that accrued post-petition were not pre-petition claims. *See Beeter v. Tri-City Property Management Services, Inc.*, 173 B.R. 108 (Bankr. W.D. Tex. 1994). Significantly, however, *Beeter* did not decide—at least explicitly—whether the attorney's fees incurred to collect post-petition assessments are themselves *post-petition* debts that are not subject to the automatic stay.[2] This issue is particularly important here because the case involves attorney's fees that far exceed the underlying post-petition assessments.[3] Particularly, in this case, the Debtors allege that the Association acted in bad faith by incurring the attorney's fees and allowing them to be accrued to the point beyond the control of the Debtors, especially when the underlying post-petition assessments at stake were relatively small.[4] The only issue before this Court is whether the post-petition attorney's fees incurred to collect post-petition assessments are also part of *post-petition* assessments that this Court in *Beeter* held were post-petition debts and not subject to the automatic stay.

---

[1] The Association holds a valid lien against the Debtors' homestead pursuant to the Declaration of Covenants, Conditions, and Restrictions recorded in the Official Public Records of Real Property of Bexar County, Texas. Pursuant to the Declaration, the Property was made subject to assessments and a lien was established on the Property to secure the payment of said assessments, including interest, late fees, and costs of collection (including but not limited to reasonable attorney's fees). *See* Debtors' Exhibit #8.

[2] Collection of prepetition debts is of course barred. *See* 11 U.S.C. 362(a)(1), (2). Though the fees accrued post-petition, the claim for the fees may have arisen prepetition. *See In re Chateaugay*, 944 F.2d 997 (2d Cir. 1991). Hence the dispute.

[3] Defendant's exhibit #3 shows the current post-petition balance of $1930.70 (as of July 9, 2012), which includes the following:
    $102.80 ------ Itemized on attached post-petition HOA ledger
    $90.00 -------- 3rd Quarter 2012 assessment that accrued on July, 2012
    $1250.00 ---- Attorney fees incurred post-petition
    $477.90 ------ Filing fee and expenses incurred post-petition

[4] Following the first demand letter sent by the Association, the Debtors sent a check in the amount of $285.09. This check was negotiated and applied to the Debtors' account and the post-petition HOA ledger shows, excluding attorney's fees, a balance of $4.08 as of January 31, 2012.

The Texas Legislature in its 2011 legislative session, concerned with homeowners associations' abusive collection practices, amended law relating to payment and collection of assessments and other charges owed to a property owners' association and foreclosure of a property owners' association assessment lien. *See, e.g.*, Tex. H.B. 1228, 82nd Leg., R.S. (2011) (codified at Tex. Prop. Code §§ 209.003-0092). For example, Section 209.0063 requires that associations apply owners' payments in the following order: (1) delinquent assessments; (2) current assessments; (3) attorney fees and collection costs associated with delinquent assessments; (4) other attorney fees; (5) fines; (6) other amounts. Tex. Prop. Code Ann. § 209.0063. Section 209.0092 requires that all associations pursuing foreclosure must go through an expedited judicial foreclosure process. Tex. Prop. Code Ann. § 209.0092.

*ANALYSIS*

*I. Willful Violation of the Automatic Stay*

"The imposition of sanctions or damages for a willful violation of the automatic stay requires a showing that (1) the conduct at issue constituted a violation of the automatic stay; (2) the violation was willful; and (3) the debtor was injured as a result of the violation." *Hamrick v. United States* (*In re Hamrick*), 175 B.R. 890, 893 (W.D.N.C. 1994); *Foreston Coal Int'l, Inc. v. Red Ash Coal & Coke Corp.* (*In re Red Ash Coal & Coke Corp.*), 83 B.R. 399, 403 (W.D. Va. 1988). Thus, to impose sanctions, there must first be an action that constitutes a violation of the automatic stay under Section 362(a).

*II. Section 362(a) and Post-Petition Assessments*

"For there to be a stay violation, there must be, for present purpose, an attempt to 'recover a claim against the debtor that arose before the commencement of the case'" *Beeter*, 173 B.R. at 123 (quoting 11 U.S.C. § 362(a)(1) & (a)(6)). The Bankruptcy Code does not prohibit the commencement of a lawsuit to collect a post-petition debt. *See* 11 U.S.C. §362(a). Homeowners association fees assessed after the filing of a voluntary petition in bankruptcy are post-petition debts, not pre-petition debts. *River Place East Housing Corp. v. Rosenfeld* (*In re Rosenfeld*), 23 F.3d 833, 837 (4th Cir. 1994), *cert. denied*, 513 U.S. 874, 115 S. Ct. 200, 139 L. Ed. 2d 131 (1994), *reh'g. denied*, 513 U.S. 1035, 115 S. Ct. 622, 130 L. Ed. 2d 530 (1994); *Beeter*, 173 B.R. at 122-23; *In re Schechter*, 2012 Bankr. LEXIS 3796 (Bankr. E.D. Va. Aug. 16, 2012). In *Beeter*, concluding that the covenant to pay assessments runs with the land, this Court said:

> Each new month's ownership carries with it a new personal liability, arising out of the equitable servitude that burdens that ownership. As such, the liability does not arise 'as of' the day the debtor acquires the property, but 'as a result of' the fact that, on the first of any given month, the debtor is the current owner of the property. The assessments, then, are not 'rooted in the pre-bankruptcy past' but rather are rooted in the estate in property itself. *Id*. at 122.

Thus, the automatic stay under Section 362(a) does not apply to the Association's attempt to collect post-petition assessments because those post-petition assessments are post-petition debts. However, "the right to undertake collection activity, including filing a lawsuit, to collect a post-petition debt does not allow all collection activities." *Montclair Prop. Owners Ass'n v. Reynard* (*In re Reynard*), 250 B.R. 241, 245 (Bankr. E.D. Va. 2000). The automatic stay prevents "any act to create, perfect, or enforce any lien against property of the estate", and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(4) & (a)(5). "Consequently, a post-petition creditor who has the right to initiate a suit against a debtor and obtain a judgment for a

post-petition debt without violating the automatic stay may not have recourse to execute on all assets that would have been, but for the filing of a chapter 13 petition, property of the debtor. Recourse is limited to property that is not property of the estate." *Montclair*, 250 B.R. at 245. Following these authorities, in this case, the Association does not need relief from the automatic stay to pursue a state lawsuit to collect post-petition assessments, prosecute that suit to judgment and to enforce that judgment against property that is not property of the estate (such as exempt property).

### *III. Post-Petition Attorney's Fees*

The issue remains whether the post-petition attorney's fees are part of post-petition assessments. First, the term "assessments" are broadly defined in Texas Property Code. Section 82.113 of the Property Code, which applies to a condominium association, defines "assessments" as "regular and special assessments, dues, fees, charges, interest, late fees, fines, *collection costs*, *attorney's fees*, and *any other amount* due to the association…" Tex. Prop. Code Ann. § 82.113(a) (Vernon 2012) (emphasis added).[5] Section 209.002, which generally applies to other homeowners associations in a residential subdivision, defines "assessments" as "a regular assessment, special assessment, or *other amount* a property owner *is required to pay* a property owners' association under the dedicatory instrument or by law." Tex Prop. Code Ann. § 209.002(1) (emphasis added).[6] The definition of "assessments" in Texas Property Code is broad enough to encompass attorney's fees incurred to collect assessments.

Second, after *Beeter*, Congress in 1994 added Section 523(a)(16), which provides in pertinent part that "a discharge…does not discharge an individual debtor from any debt for *a fee or assessment that becomes due and payable after the order for relief* to a membership association with respect to the debtor's interest in a unit that had condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association." 11 U.S.C. § 523(a)(16) (emphasis added).[7] "It appears that § 523(a)(16) was intended to preempt any argument that postpetition fees and assessments should be considered prepetition obligations because they relate to the prepetition past when the debtor acquired the condominium unit and accepted

---

[5] Condominium is a "creature of statute" *Winkelman v. Toll*, 661 So. 2d 102, 105 (Fla. Dist. Ct. App. 1995). Section 82.051 of the Texas Property Code provides that "a condominium may be created under this chapter only by recording a declaration." Tex. Prop. Code Ann. § 82.051. Texas law provides, with great particularity, the required contents of condominium declarations. *See* Tex. Prop. Code Ann. §§ 82.001-82.164 ("the Uniform Condominium Act").

[6] "Dedicatory instrument" means each governing instrument covering the establishment, maintenance, and operation of a residential subdivision. The term includes restrictions or similar instruments subjecting property to restrictive covenants, bylaws, or similar instruments governing the administration or operation of a property owners' association. Tex. Prop. Code Ann. § 209.002(4).

[7] In 2005, the Bankruptcy Abuse and Consumer Protection Act ("BAPCPA") amended § 523(a)(16) to include homeowners' associations. BAPCPA was also intended "to broaden the protection accorded to community associations with respect to fees or assessments arising from the debtor's interest in a condominium. . . ." *In re Barr*, 457 B.R. 733, 736-738 (Bankr. N.D. Ill. 2011) (quoting H.R. Rep. No. 109-31, at 68 (2005), *reprinted* in 2005 U.S.S.C.A.N. 88).

responsibility to pay assessments." *In re Ames*, 447 B.R. 680, 682 n.3 (Bankr. D. Mass. 2011). The bill's sponsors intended "that the debt be nondischargeable if the debtor enjoyed the benefits of post-petition ownership." *Old Bridge Estates Cmty. Ass'n, Inc. v. Lozada* (*In re Lozada*), 214 B.R. 558, 562 (Bankr. E.D. Va. 1997). "The legislative history indicates congressional concern that the burden from unpaid assessments by bankrupt debtors who continue to own, occupy, or benefit from their units post-petition not be effectively borne by the other unit holders and owners in the building." *In re Barr*, 457 B.R. 733, 736-738 (Bankr. N.D. Ill. 2011) (citing 140 Cong. Rec. S14750-01 (daily ed. Oct. 7, 1994) (statements of Sen. Heflin)).

Third, case law supports the Court's view that post-petition attorney's fees incurred to collect post-petition assessments are post-petition debts. In *Moreno*, a post-petition default judgment that the association obtained against the debtor in a state court included attorney's fees and interest that had accrued on account of both the post-petition and pre-petition assessments. *See In re Moreno*, 2012 Bankr. LEXIS 3798 (Bankr. E.D. Cal. Aug. 15, 2012). The court in *Moreno* held that, "with the discharge injunction in place, the association was prohibited from recovering any attorney's fees relating to the collection of pre-petition debt" because those attorney's fees constituted "a *pre-petition debt*." *Id*. The association was "still entitled to recover post-petition attorney's fees." *Id*. Likewise, *Montclair* said: "some of the time entries suggest that the full amount claimed should not be awarded. One series of time entries reflected a court appearance after the filing of the petition in this case for pre-petition association fees. To the extent that actions were taken in violation of the automatic stay, they cannot form the basis for compensation." *Montclair*, 250 B.R. at 250, n.10.[8] By allowing associations to go forward with the collection of post-petition attorney's fees, but not pre-petition attorney's fees, the courts were impliedly saying that an association's attempt to collect post-petition attorney's fees incurred to collect only post-petition assessments violated neither the discharge injunction nor the automatic stay.

## IV. "Reasonable" Post-Petition Attorney's Fees

A court still reserves the right to determine the "reasonableness" of post-petition attorney's fees. The amount to be awarded as attorney's fees is "principally a matter of state law and should be left to the state court to determine in the first instance." *Id*. For example, the court in *Montclair* was concerned that: (1) "the attorney's fees sought are more than three times the amount in controversy"; (2) "the actions for which compensation is sought for attorney's fees should have been accomplished by non-attorneys at significantly reduced expense"; and (3) "reconciling a homeowner's account generally does not require the skills of an attorney." *Id*. However, the court concluded that "the resolution of these matters is best left to the state court which deals with them on a routine basis." *Id*.

---

[8] In *Montclair*, like the case here, the association requested attorney's fees of $1277.00 to collect $411.25 post-petition assessments. *Montclair*, 250 B.R. at 244.

"The decision whether to grant or deny attorney's fees is within the trial court's discretion." *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). "Although courts should consider several factors when awarding attorney's fees, a short hand version of those factors is whether the fees are reasonable and necessary for the prosecution of the suit." *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991).

## *V. Conclusion*

For the foregoing reasons, the Association's attempt to collect post-petition assessments, *including reasonable attorney's fees*, did not violate the automatic stay. Debtors' Motion for Contempt and Sanctions is hereby DENIED.[9]

---

[9] At the time of the hearing, debtors are failing to make plan payments, and the motion for dismissal of the case is pending.